UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWENA L. SHADDOX,<br><br>             Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al,<br><br>             Defendants. | Case No. 2:12-CV-0250-JAM-EFB<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS, DENYING<br>DEFENDANTS' MOTION TO STRIKE,<br>AND DENYING PLAINTIFF'S EX<br>PARTE APPLICATION TO REMAND |

   This matter comes before the Court on Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and Defendant NDeX West, LLC's ("NDeX") (collectively "Defendants") Motion to Dismiss (Doc. #13) Plaintiff Rowena Shaddox's ("Plaintiff") First Amended Complaint (Doc. #1, Exhibit A) ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants also move to strike (Doc. #10) portions of Plaintiff's FAC. Plaintiff opposes both motions (Docs. #15, 16).[1]

   While these motions were pending, Plaintiff filed an "Ex Parte Application to Remand," (Doc. #23), to which Defendant Wells Fargo

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for April 11, 2012.

1 filed a response (Doc. #24).
2    For the reasons set forth below, Defendants' Motion to Dismiss
3 is GRANTED, Defendants' Motion to Strike is DENIED, and Plaintiff's
4 Ex Parte Application is DENIED.
5
6            I.   FACTUAL AND PROCEDURAL BACKGROUND
7    This action arises out of the non-judicial foreclosure of real
8 property located at 585 Blarney Circle in Vacaville, California
9 ("Subject Property").  See Plaintiff's First Amended Complaint,
10 Doc. #1, Exh. A ("FAC") at ¶ 2.  Sometime in July 2006, Plaintiff
11 borrowed $374,500 from World Savings Bank, FSB, a predecessor to
12 Wells Fargo, which was secured by the Subject Property.  Id. at ¶
13 8.  Subsequently, in 2011, Plaintiff defaulted on the loan after
14 numerous, unsuccessful attempts to qualify for a loan modification
15 from Wells Fargo.  Id. at ¶¶ 9-26.  As a result, Defendants began
16 the foreclosure process, culminating in a trustee's sale of the
17 Subject Property on January 9, 2012.  Id.
18    Following the trustee's sale, Plaintiff filed her First
19 Amended Complaint in Solano County Superior Court on January 13,
20 2012, asserting seven causes of action: (1) fraud; (2) violation of
21 California Civil Code §§ 2924 et seq., 2923.5 and 2934(a); (3)
22 intentional infliction of emotional distress; (4) breach of
23 covenant of good faith and fair dealing; (5) negligence; (6)
24 violation of Business & Professions Code § 17200; and (7)quiet
25 title .  See FAC.
26    Wells Fargo subsequently removed the case to federal court
27 based on federal question and diversity jurisdiction (Doc. #1) on
28 January 30, 2012, then filed the pending Motion to Dismiss and

Motion to Strike.  See Doc. #10, 13.

On February 15, 2012, Defendant NDeX moved to join Wells Fargo's motions (Doc. #14), which Plaintiff did not oppose. Accordingly, this Court considers the pending Motion to Dismiss and Motion to Strike as filed by both Defendants.

## II.  OPINION

### A.  Motion to Dismiss

#### 1.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure section

3

15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Request for Judicial Notice

In support of their Motion to Dismiss, Defendants request the Court take judicial notice of ten documents, all public records related to this case. See Doc. #11, Exh. A-J.

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. The exceptions are material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

The documents submitted by Defendants are matters of public record, so judicial notice is properly taken. See Fed. R. Evid. 201.

### 3. Preemption under HOLA

Defendants move to dismiss all seven of Plaintiff's claims for relief, arguing they are preempted by the Home Owner's Loan Act, 12 U.S.C. § 1461, et seq. ("HOLA") because they all relate to the "terms of credit," "processing," "sale," or "servicing" of Plaintiff's home loan. Defendants' Motion to Dismiss, Doc. #13 ("MTD") at pg. 6.

Plaintiff's loan was originated in 2005, through Wells Fargo's predecessor World Savings Bank, a federal savings bank regulated by the Office of Thrift Supervision ("OTS") and subject to HOLA. MTD

at pg. 4-5; Defs' RJN at Exh. C; see also <u>Guerrero v. Wells Fargo Bank, N.A.</u>, 2010 U.S. Dist. LEXIS 96261 at *8 (C.D. Cal. Sept. 14, 2010).

Through HOLA, Congress gave the OTS broad authority to issue regulations governing federal savings associations. 12 U.S.C. § 1464. Furthermore, 12 C.F.R. § 560.2 sets forth regulations governing OTS preemption. Section 560.2(a) states that "OTS hereby occupies the entire field of lending regulation for federal savings associations. . . ." Section 560.2(b) lists the numerous areas of state law that are preempted, including all state laws that impose requirements on federal savings banks regarding terms of credit, interest rates, amortization, payments due, loan-related fees, disclosures and advertising, and the processing, origination, and servicing of mortgages. Additionally, § 560.2(c) provides that state contract, commercial, real property and tort law are not preempted, "to the extent that they only incidentally affect the lending operations of federal savings associations or are otherwise consistent with the purposes [of the regulations]." Although it is generally presumed that Congress does not intend to preempt state law absent a clear manifestation of intent to the contrary, that presumption is not applicable to the field of lending regulation of federal savings associations. <u>Silvas v. E*Trade Mortgage Corp.</u>, 514 F.3d 1001, 1004 (9th Cir. 2008).

OTS set out a three step process for determining preemption under HOLA.

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it

5

> does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confined of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996). This agency's interpretation of its own regulation is controlling. Silvas, 514 F.3d at 1005 (internal citations omitted).

Applying this three step test to Plaintiff's state law claims, it is clear that Plaintiff's claims for breach of covenant of good faith and fair dealing, negligence, violations of California Business and Professions Code section 17200, and to quiet title are preempted under existing precedent because each of these causes of action is based upon allegations pertaining to "terms of credit", 12 C.F.R. § 560.2(b)(4), and "processing, origination and servicing, of mortgages," 12 C.F.R. § 560.2(b)(10). See, e.g. Silvas, 514 F.3d at 1006-07 (dismissing section 17200 claim because it is preempted by HOLA); Lopez v. Wachovia Mortgage, No. 09-CV-01510, 2009 WL 4505919 at *4 (E.D.Cal. Nov. 20, 2009) (dismissing with prejudice violation of section 17200, et seq. and breach of contract and implied covenant of good faith and fair dealing claims because they are preempted by HOLA); Zarif v. Wells Fargo Bank, NA, NO. CV 10-2688, 2011 U.S. Dist. LEXIS 29867 at *8 (S.D. Cal. Mar. 23, 2011) (holding that violation of section 2923.5 and quiet title claims, along with other state claims, are preempted by HOLA and are therefore dismissed); Chang v. Wachovia Mortg., FSB, No. C-11-1951, 2011 WL 2940717 at *3-4, (N.D.Cal. July 21, 2011) (dismissing negligence and negligent representation claims because they are preempted by HOLA). Thus, because these claims involve types of

law listed in paragraph 560.2(b), Plaintiff's breach of covenant of good faith and fair dealing, negligence, violations of California Business and Professions Code section 17200, and quiet title claims are preempted by HOLA and must be dismissed.  In light of this ruling, the Court also finds that allowing amendment would be futile on Plaintiff's fourth through seventh causes of action, and therefore, dismissal is with prejudice.  See Sharma v. Wachovia, 2011 WL 66506 (E.D. Cal. Jan. 7, 2011).

Turning to Plaintiff's remaining state law claims for fraud, violations of California Civil Code sections 2924, *et seq.*, 2923.5, and 2934(a), and intentional infliction of emotional distress, the Court finds that dismissal is appropriate on other grounds for the reasons set forth below.  Accordingly, the Court declines to rule on Defendants' Motion to Dismiss these claims on the basis of HOLA preemption.

### 4. Fraud

Defendants move to dismiss Plaintiff's fraud claim on the ground that Plaintiff failed to plead an essential element of fraud: material misrepresentation.  MTD at pg. 7-11.  Plaintiff counters that she adequately pled facts to support that element, directing the Court to paragraphs 10, 25, and 26 of the FAC.  Plaintiff's Opposition, Doc. #16 ("Opp.") at pg. 10-13.

Federal Rule of Civil Procedure 9(b) provides a heightened pleading standard for all "averments of fraud," regardless of whether or not "fraud" is an essential element of the claim.  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-1105 (9th Cir. 2003).  Rule 9(b) prescribes that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud

7

or mistake," meaning a plaintiff must plead the "time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations and citations omitted).

Importantly, when a plaintiff pleads a claim for fraud against multiple defendants:

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiff[ ] to differentiate [his] allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud . . . . [A] plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

Id. at 764-65 (quotations omitted).

Paragraphs 10, 25, and 26, and the FAC generally, lack the necessary factual information to withstand Defendants' Motion to Dismiss. See FAC. As Defendants correctly argue, there are no facts demonstrating the statements made to Plaintiff were "misrepresentations," nor does Plaintiff include information about the time or place in which the statements to Plaintiff were made, and therefore, Plaintiff's fraud claim must be dismissed. MTD at pg. 7-13; Defendants' Reply, Doc. #17 ("Rep.") at pg. 4-6. Plaintiff has already had multiple chances to properly plead this claim and the Court finds than any further amendment would be futile. Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Therefore, Plaintiff's claim for fraud is dismissed with prejudice.

5. <u>Violations of California Civil Code</u>

Defendants move to dismiss Plaintiff's claim for relief under various provisions of the California Civil Code for wrongful foreclosure on several grounds, one being that Plaintiff has failed to plead her ability to tender, a prerequisite to seeking equitable relief. Rep. at pg. 6. Indeed, a defaulting borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." <u>Adesokan v. U.S. Bank, N.A.</u>, 11-cv-01236, 2011 WL 5241178 at *3 (E.D. Cal. Oct. 31, 2011). "It would be futile to set aside a foreclosure sale on [technical grounds] if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." <u>Id</u>. (quoting <u>U.S. Cold Storage v. Great Western Savings & Loan Ass'n</u>, 165 Cal. App. 3d 1214, 1225 (Cal.Ct.App.1d 1985). Thus, for Plaintiff to have an actionable wrongful foreclosure claim, she must credibly allege her ability to tender, and Plaintiff's argument that she is not required to plead tender is erroneous. <u>See id</u>. Accordingly, Plaintiff's claim for wrongful foreclosure must be dismissed. As it is clear that Plaintiff cannot allege her ability to tender from the facts pled in the FAC, this claim is dismissed, with prejudice.

6. <u>Intentional Infliction of Emotional Distress</u>

Defendants argue that Plaintiff's claim for intentional infliction of emotional distress ("IIED") is not viable because there are not facts pled in Plaintiff's complaint to substantiate the requisite elements of an IIED claim, and existing case law further demonstrates Plaintiff's claim is inadequate. MTD at pg.

9

17-18. In her opposition, Plaintiff does not respond to Defendants' arguments regarding dismissal and, instead, simply requests leave to amend her IIED claim. Opp. at pg. 15. Defendants argue, in their reply, that Plaintiff should not be granted leave to amend because other courts have found, on similar facts, that a lender's alleged statements or actions regarding mortgage refinancing did not give rise to a viable IIED claim. This Court agrees. See Karimi v. Wells Fargo, 2011 U.S. Dist. LEXIS 47902 (C.D. Cal. May 4, 2011); Cervantes v. Countrywide Home Loans, 2011 U.S. App. LEXIS 118569 (Sep. 7, 2011). Accordingly, Plaintiff's IIED claim is dismissed, with prejudice.

    B.   Motion to Strike

In light of the Court's dismissal of Plaintiff's claims, Defendants' Motion to Strike (Doc. #10) is denied as moot.

    C.   Ex Parte Application to Remand

On May 17, 2012, Plaintiff filed an "Ex Parte Application to Remand," arguing that this Court does not have jurisdiction to entertain Defendants' Motion to Dismiss. Doc. #23. Defendant Wells Fargo filed a response to Plaintiff's application the same day, arguing, inter alia, that the motion was procedurally defective. Doc. #24. Indeed, Plaintiff failed to timely oppose Defendant's removal of this case, and for that reason, Plaintiff's application is denied. Moreover, in light of the Court's ruling on the Motion to Dismiss, Plaintiff's application is also denied, as moot.

///
///
///

III. ORDER

For the reasons set forth above it is hereby ordered that Defendants' Motion to Dismiss (Doc. #13) Plaintiff's First Amended Complaint is GRANTED, WITH PREJUDICE.  It is further ordered that Defendants' Motion to Strike (Doc. #10) is DENIED and Plaintiff's Ex Parte Application to Remand is DENIED (Doc. #23).

Finally, in accordance with this order, the clerk is to issue judgment and close this case.

IT IS SO ORDERED.

Dated: June 19, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE