UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROWENA L. SHADDOX, | ) | Case No. 2:12-CV-0250-JAM-EFB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION TO DISMISS, DENYING |
| v. | ) | DEFENDANTS' MOTION TO STRIKE, |
| | ) | AND DENYING PLAINTIFF'S EX |
| WELLS FARGO BANK, N.A., et al, | ) | PARTE APPLICATION TO REMAND |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and Defendant NDeX West, LLC's ("NDeX") (collectively "Defendants") Motion to Dismiss (Doc. #13) Plaintiff Rowena Shaddox's ("Plaintiff") First Amended Complaint (Doc. #1, Exhibit A) ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also move to strike (Doc. #10) portions of Plaintiff's FAC. Plaintiff opposes both motions (Docs. #15, 16).[1]

While these motions were pending, Plaintiff filed an "Ex Parte Application to Remand," (Doc. #23), to which Defendant Wells Fargo

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for April 11, 2012.

1  filed a response (Doc. #24).

2      For the reasons set forth below, Defendants' Motion to Dismiss

3  is GRANTED, Defendants' Motion to Strike is DENIED, and Plaintiff's

4  Ex Parte Application is DENIED.

5

6                  I.    FACTUAL AND PROCEDURAL BACKGROUND

7      This action arises out of the non-judicial foreclosure of real

8  property located at 585 Blarney Circle in Vacaville, California

9  ("Subject Property").  See Plaintiff's First Amended Complaint,

10  Doc. #1, Exh. A ("FAC") at ¶ 2.  Sometime in July 2006, Plaintiff

11  borrowed $374,500 from World Savings Bank, FSB, a predecessor to

12  Wells Fargo, which was secured by the Subject Property.  Id. at ¶

13  8.  Subsequently, in 2011, Plaintiff defaulted on the loan after

14  numerous, unsuccessful attempts to qualify for a loan modification

15  from Wells Fargo.  Id. at ¶¶ 9-26.  As a result, Defendants began

16  the foreclosure process, culminating in a trustee's sale of the

17  Subject Property on January 9, 2012. Id.

18      Following the trustee's sale, Plaintiff filed her First

19  Amended Complaint in Solano County Superior Court on January 13,

20  2012, asserting seven causes of action: (1) fraud; (2) violation of

21  California Civil Code §§ 2924 et seq., 2923.5 and 2934(a); (3)

22  intentional infliction of emotional distress; (4) breach of

23  covenant of good faith and fair dealing; (5) negligence; (6)

24  violation of Business & Professions Code § 17200; and (7)quiet

25  title .  See FAC.

26      Wells Fargo subsequently removed the case to federal court

27  based on federal question and diversity jurisdiction (Doc. #1) on

28  January 30, 2012, then filed the pending Motion to Dismiss and

2

1  Motion to Strike.  See Doc. #10, 13.

2      On February 15, 2012, Defendant NDeX moved to join Wells

3  Fargo's motions (Doc. #14), which Plaintiff did not oppose.

4  Accordingly, this Court considers the pending Motion to Dismiss and

5  Motion to Strike as filed by both Defendants.

6

7                          II.   OPINION

8      A.   Motion to Dismiss

9           1.   Legal Standard

10     A party may move to dismiss an action for failure to state a

11  claim upon which relief can be granted pursuant to Federal Rule of

12  Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

13  court must accept the allegations in the complaint as true and draw

14  all reasonable inferences in favor of the plaintiff.  Scheuer v.

15  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

16  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

17  322 (1972).  Assertions that are mere "legal conclusions," however,

18  are not entitled to the assumption of truth.  Ashcroft v. Iqbal,

19  556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff

21  needs to plead "enough facts to state a claim to relief that is

22  plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is

23  appropriate where the plaintiff fails to state a claim supportable

24  by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

25  901 F.2d 696, 699 (9th Cir. 1990).

26     Upon granting a motion to dismiss for failure to state a

27  claim, the court has discretion to allow leave to amend the

28  complaint pursuant to Federal Rule of Civil Procedure section

                                3

1    15(a).  "Dismissal with prejudice and without leave to amend is not

2    appropriate unless it is clear . . . that the complaint could not

3    be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc.,

4    316 F.3d 1048, 1052 (9th Cir. 2003).

5                     2.    Request for Judicial Notice

6         In support of their Motion to Dismiss, Defendants request the

7    Court take judicial notice of ten documents, all public records

8    related to this case.  See Doc. #11, Exh. A-J.

9         Generally, the Court may not consider material beyond the

10   pleadings in ruling on a motion to dismiss for failure to state a

11   claim.  The exceptions are material attached to, or relied on by,

12   the complaint so long as authenticity is not disputed, or matters

13   of public record, provided that they are not subject to reasonable

14   dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2

15   (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250

16   F.3d 668, 688 (9th Cir. 2001) and FED. R. EVID. 201).

17        The documents submitted by Defendants are matters of public

18   record, so judicial notice is properly taken.  See FED. R. EVID. 201.

19                     3.    Preemption under HOLA

20        Defendants move to dismiss all seven of Plaintiff's claims for

21   relief, arguing they are preempted by the Home Owner's Loan Act, 12

22   U.S.C. § 1461, et seq. ("HOLA") because they all relate to the

23   "terms of credit," "processing," "sale," or "servicing" of

24   Plaintiff's home loan. Defendants' Motion to Dismiss, Doc. #13

25   ("MTD") at pg. 6.

26        Plaintiff's loan was originated in 2005, through Wells Fargo's

27   predecessor World Savings Bank, a federal savings bank regulated by

28   the Office of Thrift Supervision ("OTS") and subject to HOLA.  MTD

4

1   at pg. 4-5; Defs' RJN at Exh. C; see also Guerrero v. Wells Fargo

2   Bank, N.A., 2010 U.S. Dist. LEXIS 96261 at *8 (C.D. Cal. Sept. 14,

3   2010).

4       Through HOLA, Congress gave the OTS broad authority to issue

5   regulations governing federal savings associations.  12 U.S.C. §

6   1464.  Furthermore, 12 C.F.R. § 560.2 sets forth regulations

7   governing OTS preemption.  Section 560.2(a) states that "OTS hereby

8   occupies the entire field of lending regulation for federal savings

9   associations. . . ."  Section 560.2(b) lists the numerous areas of

10  state law that are preempted, including all state laws that impose

11  requirements on federal savings banks regarding terms of credit,

12  interest rates, amortization, payments due, loan-related fees,

13  disclosures and advertising, and the processing, origination, and

14  servicing of mortgages. Additionally, § 560.2(c) provides that

15  state contract, commercial, real property and tort law are not

16  preempted, "to the extent that they only incidentally affect the

17  lending operations of federal savings associations or are otherwise

18  consistent with the purposes [of the regulations]."  Although it is

19  generally presumed that Congress does not intend to preempt state

20  law absent a clear manifestation of intent to the contrary, that

21  presumption is not applicable to the field of lending regulation of

22  federal savings associations.  Silvas v. E*Trade Mortgage Corp.,

23  514 F.3d 1001, 1004 (9th Cir. 2008).

24      OTS set out a three step process for determining preemption

25  under HOLA.

26      When analyzing the status of state laws under § 560.2,
        the first step will be to determine whether the type
27      of law in question is listed in paragraph (b). If so,
        the analysis will end there; the law is preempted.  If
28      the law is not covered by paragraph (b), the next
        question is whether the law affects lending.  If it

5

1    does, then, in accordance with paragraph (a), the
     presumption arises that the law is preempted.  This
2    presumption can be reversed only if the law can
     clearly be shown to fit within the confined of
3    paragraph (c).  For these purposes, paragraph (c) is
     intended to be interpreted narrowly.  Any doubt should
4    be resolved in favor of preemption.

5    OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).

6    This agency's interpretation of its own regulation is controlling.

7    Silvas, 514 F.3d at 1005 (internal citations omitted).

8         Applying this three step test to Plaintiff's state law claims,

9    it is clear that Plaintiff's claims for breach of covenant of good

10   faith and fair dealing, negligence, violations of California

11   Business and Professions Code section 17200, and to quiet title are

12   preempted under existing precedent because each of these causes of

13   action is based upon allegations pertaining to "terms of credit",

14   12 C.F.R. § 560.2(b)(4), and "processing, origination and

15   servicing, of mortgages," 12 C.F.R. § 560.2(b)(10).  See, e.g.

16   Silvas, 514 F.3d at 1006-07 (dismissing section 17200 claim because

17   it is preempted by HOLA); Lopez v. Wachovia Mortgage, No. 09-CV-

18   01510, 2009 WL 4505919 at *4 (E.D.Cal. Nov. 20, 2009) (dismissing

19   with prejudice violation of section 17200, et seq. and breach of

20   contract and implied covenant of good faith and fair dealing claims

21   because they are preempted by HOLA); Zarif v. Wells Fargo Bank, NA,

22   NO. CV 10-2688, 2011 U.S. Dist. LEXIS 29867 at *8 (S.D. Cal. Mar.

23   23, 2011) (holding that violation of section 2923.5 and quiet title

24   claims, along with other state claims, are preempted by HOLA and

25   are therefore dismissed); Chang v. Wachovia Mortg., FSB, No. C-11-

26   1951, 2011 WL 2940717 at *3-4, (N.D.Cal. July 21, 2011) (dismissing

27   negligence and negligent representation claims because they are

28   preempted by HOLA).  Thus, because these claims involve types of

1   law listed in paragraph 560.2(b), Plaintiff's breach of covenant of

2   good faith and fair dealing, negligence, violations of California

3   Business and Professions Code section 17200, and quiet title claims

4   are preempted by HOLA and must be dismissed.  In light of this

5   ruling, the Court also finds that allowing amendment would be

6   futile on Plaintiff's fourth through seventh causes of action, and

7   therefore, dismissal is with prejudice.  See Sharma v. Wachovia,

8   2011 WL 66506 (E.D. Cal. Jan. 7, 2011).

9       Turning to Plaintiff's remaining state law claims for fraud,

10  violations of California Civil Code sections 2924, et seq., 2923.5,

11  and 2934(a), and intentional infliction of emotional distress, the

12  Court finds that dismissal is appropriate on other grounds for the

13  reasons set forth below.  Accordingly, the Court declines to rule

14  on Defendants' Motion to Dismiss these claims on the basis of HOLA

15  preemption.

16          4.   Fraud

17      Defendants move to dismiss Plaintiff's fraud claim on the

18  ground that Plaintiff failed to plead an essential element of

19  fraud: material misrepresentation.  MTD at pg. 7-11.  Plaintiff

20  counters that she adequately pled facts to support that element,

21  directing the Court to paragraphs 10, 25, and 26 of the FAC.

22  Plaintiff's Opposition, Doc. #16 ("Opp.") at pg. 10-13.

23      Federal Rule of Civil Procedure 9(b) provides a heightened

24  pleading standard for all "averments of fraud," regardless of

25  whether or not "fraud" is an essential element of the claim.  Vess

26  v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-1105 (9th Cir. 2003).

27  Rule 9(b) prescribes that "[i]n alleging fraud or mistake, a party

28  must state with particularity the circumstances constituting fraud

1   or mistake," meaning a plaintiff must plead the "time, place, and

2   specific content of the false representations, as well as the

3   identities of the parties to the misrepresentations."  Swartz v.

4   KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations

5   and citations omitted).

6        Importantly, when a plaintiff pleads a claim for fraud against

7   multiple defendants:

8        Rule 9(b) does not allow a complaint to merely lump
         multiple defendants together but requires plaintiff[ ] to
9        differentiate [his] allegations when suing more than one
         defendant . . . and inform each defendant separately of
10       the allegations surrounding his alleged participation in
         the fraud . . . . [A] plaintiff must, at a minimum,
11       identify the role of each defendant in the alleged
         fraudulent scheme.
12

13   Id. at 764-65 (quotations omitted).

14       Paragraphs 10, 25, and 26, and the FAC generally, lack the

15   necessary factual information to withstand Defendants' Motion to

16   Dismiss.  See FAC.  As Defendants correctly argue, there are no

17   facts demonstrating the statements made to Plaintiff were

18   "misrepresentations," nor does Plaintiff include information about

19   the time or place in which the statements to Plaintiff were made,

20   and therefore, Plaintiff's fraud claim must be dismissed.  MTD at

21   pg. 7-13; Defendants' Reply, Doc. #17 ("Rep.") at pg. 4-6.

22   Plaintiff has already had multiple chances to properly plead this

23   claim and the Court finds than any further amendment would be

24   futile.  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048,

25   1052 (9th Cir. 2003).  Therefore, Plaintiff's claim for fraud is

26   dismissed with prejudice.

27

28

1          5.   Violations of California Civil Code

2     Defendants move to dismiss Plaintiff's claim for relief under

3  various provisions of the California Civil Code for wrongful

4  foreclosure on several grounds, one being that Plaintiff has failed

5  to plead her ability to tender, a prerequisite to seeking equitable

6  relief.  Rep. at pg. 6.  Indeed, a defaulting borrower is "required

7  to allege tender of the amount of [the lender's] secured

8  indebtedness in order to maintain any cause of action for

9  irregularity in the sale procedure."  Adesokan v. U.S. Bank, N.A.,

10  11-cv-01236, 2011 WL 5241178 at *3 (E.D. Cal. Oct. 31, 2011).  "It

11  would be futile to set aside a foreclosure sale on [technical

12  grounds] if the party making the challenge did not first make full

13  tender and thereby establish his ability to purchase the property."

14  Id. (quoting  U.S. Cold Storage v. Great Western Savings & Loan

15  Ass'n, 165 Cal. App. 3d 1214, 1225 (Cal.Ct.App.1d 1985).  Thus, for

16  Plaintiff to have an actionable wrongful foreclosure claim, she

17  must credibly allege her ability to tender, and Plaintiff's

18  argument that she is not required to plead tender is erroneous.

19  See id.  Accordingly, Plaintiff's claim for wrongful foreclosure

20  must be dismissed.  As it is clear that Plaintiff cannot allege her

21  ability to tender from the facts pled in the FAC, this claim is

22  dismissed, with prejudice.

23          6.   Intentional Infliction of Emotional Distress

24     Defendants argue that Plaintiff's claim for intentional

25  infliction of emotional distress ("IIED") is not viable because

26  there are not facts pled in Plaintiff's complaint to substantiate

27  the requisite elements of an IIED claim, and existing case law

28  further demonstrates Plaintiff's claim is inadequate.  MTD at pg.

1  17-18.  In her opposition, Plaintiff does not respond to

2  Defendants' arguments regarding dismissal and, instead, simply

3  requests leave to amend her IIED claim.  Opp. at pg. 15.

4  Defendants argue, in their reply, that Plaintiff should not be

5  granted leave to amend because other courts have found, on similar

6  facts, that a lender's alleged statements or actions regarding

7  mortgage refinancing did not give rise to a viable IIED claim. This

8  Court agrees.  See Karimi v. Wells Fargo, 2011 U.S. Dist. LEXIS

9  47902 (C.D. Cal. May 4, 2011); Cervantes v. Countrywide Home Loans,

10 2011 U.S. App. LEXIS 118569 (Sep. 7, 2011).  Accordingly,

11 Plaintiff's IIED claim is dismissed, with prejudice.

12      B.   Motion to Strike

13      In light of the Court's dismissal of Plaintiff's claims,

14 Defendants' Motion to Strike (Doc. #10) is denied as moot.

15      C.   Ex Parte Application to Remand

16      On May 17, 2012, Plaintiff filed an "Ex Parte Application to

17 Remand," arguing that this Court does not have jurisdiction to

18 entertain Defendants' Motion to Dismiss.  Doc. #23.  Defendant

19 Wells Fargo filed a response to Plaintiff's application the same

20 day, arguing, inter alia, that the motion was procedurally

21 defective.  Doc. #24.  Indeed, Plaintiff failed to timely oppose

22 Defendant's removal of this case, and for that reason, Plaintiff's

23 application is denied.  Moreover, in light of the Court's ruling on

24 the Motion to Dismiss, Plaintiff's application is also denied, as

25 moot.

26 ///

27 ///

28 ///

1                              III. ORDER

2        For the reasons set forth above it is hereby ordered that

3   Defendants' Motion to Dismiss (Doc. #13) Plaintiff's First Amended

4   Complaint is GRANTED, WITH PREJUDICE.  It is further ordered that

5   Defendants' Motion to Strike (Doc. #10) is DENIED and Plaintiff's

6   Ex Parte Application to Remand is DENIED (Doc. #23).

7        Finally, in accordance with this order, the clerk is to issue

8   judgment and close this case.

9

10       IT IS SO ORDERED.

11

12  Dated: June 19, 2012                    _____
                                            JOHN A. MENDEZ,
13                                          UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   11