1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ROWENA L. SHADDOX, an individual )  Case No. 2:12-CV-00250 JAM-EFB
                                       )
12                       Plaintiff,    )  ORDER GRANTING DEFENDANT'S
                                       )  MOTION FOR AN AWARD OF
13        v.                           )  ATTORNEYS' FEES
                                       )
14   WELLS FARGO BANK, N.A., A/K/A     )
     WACHOVIA MORTGAGE, A DIVISION OF )
15   WELLS FARGO BANK, N.A., AND       )
     F/K/A WACHOVIA MORTGAGE, FSB, a  )
16   business entity; NDEX WEST, LLC, )
     a business entity, and DOES 1     )
17   through 100, inclusive,           )
                                       )
18   _____Defendants.____ )

19        This matter comes before the Court on Defendant Wells Fargo

20   Bank, N.A., successor by merger with Wells Fargo Bank Southwest,

21   N.A., f/k/a Wachovia Mortgage, FSB, f/k/a defendant World

22   Savings Bank, FSB's ("Defendant") Motion for an Award of

23   Attorneys' Fees (Doc. #31) and a Request for Judicial Notice

24   (Doc. #32).  Defendant asks the Court to award attorneys' fees

25   in the amount of $9,283.00.  Plaintiff Rowena Shaddox

26   ("Plaintiff") did not file an opposition or a statement of

27   non-opposition.[1]

28   _____
            [1] This motion was determined to be suitable for decision

1           I.   FACTUAL AND PROCEDURAL BACKGROUND

2        Plaintiff obtained a $374,500.00 loan from Defendant on or

3   around July 10, 2006, to purchase real estate located in

4   Vacaville, California ("the Property").  The loan was

5   memorialized by an Adjustable Rate Mortgage Note ("Note") and

6   secured by a Deed of Trust recorded on July 14, 2006.  Plaintiff

7   defaulted on her loan, eventually leading to the initiation of

8   foreclosure proceedings.

9        On December 20, 2011, Plaintiff filed the instant action in

10   Solano County Superior Court alleging seven causes of action:

11   (1) Fraud; (2) Violation of California Civil Code §§ 2924

12   et seq., 2923.5 and 2934(a); (3) Intentional Infliction of

13   Emotional Distress; (4) Breach of the Covenant of Good Faith and

14   Fair Dealing; (5) Negligence; (6) Violation of Business and

15   Professions Code §17200; and (7) Quiet Title.  Defendant removed

16   the action to this Court on January 30, 2012 (Doc. #1).

17   Defendant filed a Motion to Dismiss (Doc. #13) on February 7,

18   2012.  While that motion was pending, Plaintiff filed an

19   Application to Remand (Doc. #23) on May 17, 2012.  On June 20,

20   2012, the Court granted Defendants' Motion to Dismiss with

21   prejudice and it denied the Application to Remand.

22   ///

23   ///

24   ///

25   ///

26   ///

27   _____

28   without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
     scheduled for September 5, 2012.

II.   OPINION

A. Legal Standard

    1.   Attorneys' Fees

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party.  Travelers Casualty & Surety Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007).  A statute or enforceable contract allocating attorney's fees, however, can overcome this rule.  Id.  State law governs the enforceability of attorney's fees in contract provisions.  Sec. Mortg. Co. v. Powers, 278 U.S. 149, 153 (1928).

California permits parties to allocate attorney's fees by contract.  See Cal. Code Civ. Proc. § 1021.  California Civil Code Section 1717 governs the recovery of attorneys' fees pursuant to an underlying contract.  The statute "authorizes reasonable attorney's fees '[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party.'"  Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) (quoting Cal. Civ. Code § 1717(a)).

B. Claims for Relief

    1.   The Note and Deed of Trust

As a preliminary matter, the Court GRANTS Defendant's Request for Judicial Notice ("RJN").

///

///

3

1    Based on the documents in the RJN, Defendant argues that

2  its right to recover attorneys' fees is set forth in two clauses

3  in the Note and the DOT.  The Note provides at paragraph 7(E):

4    **Payment of Lender's Costs and Expenses**:

5    The Lender will have the right to be paid back by me
     for all of its costs and expenses in enforcing this
6    Note to the extent not prohibited by applicable law.
     Those expenses may include, for example, reasonable
7    attorneys' fees and court costs.

8

9    (RJN, Ex. B at 4).

10   Similarly, the DOT contains an attorneys' fee provision at

11 paragraph 7:

12   If: (A) I do not keep my promises and agreements made
     in this Security Instrument, or (B) someone, including
13   me, begins a legal proceeding that may significantly
     affect Lender's rights in the Property (including but
14   not limited to any manner of legal proceeding in
     bankruptcy, in probate, for condemnation or to enforce
15   laws or regulations), then Lender may do and pay for
     whatever it deems reasonable or appropriate to protect
16   the Lender's rights in the Property.  Lender's actions
     may include, without limitation, appearing in court,
17   paying reasonable attorneys' fees . . .

18   I will pay to Lender any amounts which Lender advances
     under this Paragraph 7 with interest, at the interest
19   rate in effect under the Secured Notes . . .

20

21   (RJN, Ex. C at p.7).

22   Because the objective of Plaintiff's lawsuit was to stop

23 Defendant from enforcing its rights to foreclose upon the

24 Property, Plaintiff's action falls within the scope of the fee

25 clause in the Note and the DOT entitling Defendant to attorneys'

26 fees.  See <u>Salinas v. Wachovia Mortg.</u>, No. 2:11-CV-01220

27 JAM-DAD, 2011 WL 5513456, at *2 (E.D.Cal., Nov. 10, 2011)

28 ///

                                    4

1  (awarding fees to Wachovia pursuant to the identical fee

2  clause).

3

4                    2.    Prevailing Party

5       "To be a prevailing party, the party must have received an

6  enforceable judgment on the merits or a court-ordered consent

7  decree." U.S. v. Milner, 583 F.3d 1174, 1196 (9th Cir. 2009)

8  (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of

9  Health & Human Res., 532 U.S. 598, 604 (2001)); see also Cal.

10 Civ. Code  1717(b)(1) ("the party prevailing on the contract

11 shall be the party who recovered a greater relief in the action

12 on the contract.").

13      Because the Court dismissed all of Plaintiff's claims with

14 prejudice, Defendant is the prevailing party and is entitled to

15 attorneys' fees.

16                3.    Reasonability of Attorneys' Fees

17      When the underlying contract does not specify an amount of

18 attorneys' fees, it is within the Court's discretion to award a

19 reasonable amount.  Stokus v. Marsh, 217 Cal.App.3d 647, 654

20 (Cal. Ct. App. 1d 1990).  In calculating reasonable attorney

21 fees, courts consider the following factors: (1) the time and

22 labor required, (2) the novelty and difficulty of the questions

23 involved, (3) the skill necessary to perform the legal services

24 properly, (4) the preclusion of other employment by the attorney

25 due to acceptance of the case, (5) the customary fee,

26 (6) whether the fee is fixed or contingent, (7) time limitations

27 imposed by the client or circumstances, (8) the amount involved

28 and the results obtained, (9) the experience, reputation and

1  ability of the attorneys, (10) the "undesirability" of the case,

2  (11) the nature and length of the professional relations with

3  the client, and (12) awards in similar cases.  LaFarge Conseils

4  et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334,

5  1341-42 (9th Cir. 1986).

6       Defendant argues that it should receive $9,283.00 in

7  attorneys' fees.  In support, Defendant's counsel submitted the

8  Declaration of Mark T. Flewelling ("Flewelling Decl.") (Doc.

9  #31-2) which detailed the qualifications and rates for each

10  individual who worked on the case, as well as the detailed

11  billing records for the case showing the fees and costs incurred

12  by Defendant up until the disposition of the Motion to Dismiss.

13  Defendant also submitted the Declaration of David M. Newman

14  (Doc. #31-1) which detailed his work on the instant motion for

15  fees.

16       Mr. Flewelling asserts Wells Fargo was billed a flat rate

17  of $7,800 for his firm's work up until the Motion to Dismiss.

18  The Court reviewed the billing records and finds that $7,800 is

19  reasonable.

20       As for the instant Motion, Mr. Newman requests that the

21  Court grant Defendant $1,483.00 in fees.  Mr. Newman declares

22  that Ms. Saller, a paralegal, spent 4.30 hours drafting the fee

23  motion at a rate of $160/hour, he dedicated 0.5 hours reviewing

24  the motion, and he anticipates spending an additional 2.5 hours

25  preparing the Reply at a rate of $265/hour.  Since Plaintiff did

26  not oppose this motion, the Court discounts the 2.5 hours

27  Mr. Newman anticipated for the Reply.  The Court also finds that

28  spending 4.30 hours on drafting the fee motion is excessive.

1   This is a routine motion for Defendant's counsel; the Court has

2   received substantially similar fee motions and declarations from

3   this law firm on the exact same legal issue.  Accordingly, the

4   Court will reduce the 4.30 hours of the paralegal's time to 2

5   hours.  Thus, for the fee motion, the Court will award Defendant

6   $452.50.

7       For all of the foregoing reasons, the Court GRANTS

8   Defendant's motion for an award of fees; Defendant is entitled

9   to $8,252.50 in fees.

10

11      C. Failure to File an Opposition or Statement of Non-

12         Opposition

13      Plaintiff did not file an opposition or statement of non-

14  opposition to Defendant's Motion for Attorneys' Fees.  Local Rule

15  230(c) requires a party responding to a motion to file either an

16  opposition to the motion or a statement of non-opposition, no less

17  than fourteen (14) days preceding the noticed hearing date.  Local

18  Rule 110 authorizes the Court to impose sanctions for "failure of

19  counsel or of a party to comply with these Rules."  Therefore, the

20  Court will sanction Plaintiff's counsel, Jamil Louis White, $150.00

21  unless he shows good cause for his failure to comply with the Local

22  Rules.

23  ///

24  ///

25                        III. ORDER

26      For the reasons set forth above,

27      Defendant's Motion for an Award of Attorneys' Fees is

28  GRANTED and Plaintiffs are ordered to pay $8,252.50 in fees to

1  Defendant.

2      It is further ordered that within ten (10) days of this

3  Order Jamil Louis White shall either (1) pay sanctions of

4  $150.00 to the Clerk of the Court, or (2) submit a statement of

5  good cause explaining his failure to comply with Local Rule

6  230(c).

7      IT IS SO ORDERED.

8  Dated: September 5, 2012

9                                    _____
                                     JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28