UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROWENA L. SHADDOX, an individual ) Case No. 2:12-CV-00250 JAM-EFB
)
              Plaintiff,   ) ORDER GRANTING DEFENDANT'S
) MOTION FOR AN AWARD OF
   v.               ) ATTORNEYS' FEES
)
WELLS FARGO BANK, N.A., A/K/A )
WACHOVIA MORTGAGE, A DIVISION OF )
WELLS FARGO BANK, N.A., AND )
F/K/A WACHOVIA MORTGAGE, FSB, a )
business entity; NDEX WEST, LLC, )
a business entity, and DOES 1 )
through 100, inclusive, )
)
              Defendants.   )

    This matter comes before the Court on Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a defendant World Savings Bank, FSB's ("Defendant") Motion for an Award of Attorneys' Fees (Doc. #31) and a Request for Judicial Notice (Doc. #32). Defendant asks the Court to award attorneys' fees in the amount of $9,283.00. Plaintiff Rowena Shaddox ("Plaintiff") did not file an opposition or a statement of non-opposition.[1]

---

[1] This motion was determined to be suitable for decision

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff obtained a $374,500.00 loan from Defendant on or around July 10, 2006, to purchase real estate located in Vacaville, California ("the Property"). The loan was memorialized by an Adjustable Rate Mortgage Note ("Note") and secured by a Deed of Trust recorded on July 14, 2006. Plaintiff defaulted on her loan, eventually leading to the initiation of foreclosure proceedings.

On December 20, 2011, Plaintiff filed the instant action in Solano County Superior Court alleging seven causes of action: (1) Fraud; (2) Violation of California Civil Code §§ 2924 et seq., 2923.5 and 2934(a); (3) Intentional Infliction of Emotional Distress; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Negligence; (6) Violation of Business and Professions Code §17200; and (7) Quiet Title. Defendant removed the action to this Court on January 30, 2012 (Doc. #1). Defendant filed a Motion to Dismiss (Doc. #13) on February 7, 2012. While that motion was pending, Plaintiff filed an Application to Remand (Doc. #23) on May 17, 2012. On June 20, 2012, the Court granted Defendants' Motion to Dismiss with prejudice and it denied the Application to Remand.

///
///
///
///
///

---

without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 5, 2012.

## II. OPINION

### A. Legal Standard

#### 1. Attorneys' Fees

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. Travelers Casualty & Surety Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007). A statute or enforceable contract allocating attorney's fees, however, can overcome this rule. Id. State law governs the enforceability of attorney's fees in contract provisions. Sec. Mortg. Co. v. Powers, 278 U.S. 149, 153 (1928).

California permits parties to allocate attorney's fees by contract. See Cal. Code Civ. Proc. § 1021. California Civil Code Section 1717 governs the recovery of attorneys' fees pursuant to an underlying contract. The statute "authorizes reasonable attorney's fees '[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party.'" Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) (quoting Cal. Civ. Code § 1717(a)).

### B. Claims for Relief

#### 1. The Note and Deed of Trust

As a preliminary matter, the Court GRANTS Defendant's Request for Judicial Notice ("RJN").

///
///

Based on the documents in the RJN, Defendant argues that its right to recover attorneys' fees is set forth in two clauses in the Note and the DOT. The Note provides at paragraph 7(E):

> **Payment of Lender's Costs and Expenses**:
>
> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

(RJN, Ex. B at 4).

Similarly, the DOT contains an attorneys' fee provision at paragraph 7:

> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . .

(RJN, Ex. C at p.7).

Because the objective of Plaintiff's lawsuit was to stop Defendant from enforcing its rights to foreclose upon the Property, Plaintiff's action falls within the scope of the fee clause in the Note and the DOT entitling Defendant to attorneys' fees. See Salinas v. Wachovia Mortg., No. 2:11-CV-01220 JAM-DAD, 2011 WL 5513456, at *2 (E.D.Cal., Nov. 10, 2011)

///

(awarding fees to Wachovia pursuant to the identical fee clause).

### 2. Prevailing Party

"To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree." U.S. v. Milner, 583 F.3d 1174, 1196 (9th Cir. 2009) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)); see also Cal. Civ. Code 1717(b)(1) ("the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.").

Because the Court dismissed all of Plaintiff's claims with prejudice, Defendant is the prevailing party and is entitled to attorneys' fees.

### 3. Reasonability of Attorneys' Fees

When the underlying contract does not specify an amount of attorneys' fees, it is within the Court's discretion to award a reasonable amount. Stokus v. Marsh, 217 Cal.App.3d 647, 654 (Cal. Ct. App. 1d 1990). In calculating reasonable attorney fees, courts consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and

ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases. <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.</u>, 791 F.2d 1334, 1341-42 (9th Cir. 1986).

Defendant argues that it should receive $9,283.00 in attorneys' fees. In support, Defendant's counsel submitted the Declaration of Mark T. Flewelling ("Flewelling Decl.") (Doc. #31-2) which detailed the qualifications and rates for each individual who worked on the case, as well as the detailed billing records for the case showing the fees and costs incurred by Defendant up until the disposition of the Motion to Dismiss. Defendant also submitted the Declaration of David M. Newman (Doc. #31-1) which detailed his work on the instant motion for fees.

Mr. Flewelling asserts Wells Fargo was billed a flat rate of $7,800 for his firm's work up until the Motion to Dismiss. The Court reviewed the billing records and finds that $7,800 is reasonable.

As for the instant Motion, Mr. Newman requests that the Court grant Defendant $1,483.00 in fees. Mr. Newman declares that Ms. Saller, a paralegal, spent 4.30 hours drafting the fee motion at a rate of $160/hour, he dedicated 0.5 hours reviewing the motion, and he anticipates spending an additional 2.5 hours preparing the Reply at a rate of $265/hour. Since Plaintiff did not oppose this motion, the Court discounts the 2.5 hours Mr. Newman anticipated for the Reply. The Court also finds that spending 4.30 hours on drafting the fee motion is excessive.

This is a routine motion for Defendant's counsel; the Court has received substantially similar fee motions and declarations from this law firm on the exact same legal issue. Accordingly, the Court will reduce the 4.30 hours of the paralegal's time to 2 hours. Thus, for the fee motion, the Court will award Defendant $452.50.

For all of the foregoing reasons, the Court GRANTS Defendant's motion for an award of fees; Defendant is entitled to $8,252.50 in fees.

### C. Failure to File an Opposition or Statement of Non-Opposition

Plaintiff did not file an opposition or statement of non-opposition to Defendant's Motion for Attorneys' Fees. Local Rule 230(c) requires a party responding to a motion to file either an opposition to the motion or a statement of non-opposition, no less than fourteen (14) days preceding the noticed hearing date. Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with these Rules." Therefore, the Court will sanction Plaintiff's counsel, Jamil Louis White, $150.00 unless he shows good cause for his failure to comply with the Local Rules.

///
///

## III. ORDER

For the reasons set forth above,

Defendant's Motion for an Award of Attorneys' Fees is GRANTED and Plaintiffs are ordered to pay $8,252.50 in fees to

1 | Defendant.
2 |     It is further ordered that within ten (10) days of this
3 | Order Jamil Louis White shall either (1) pay sanctions of
4 | $150.00 to the Clerk of the Court, or (2) submit a statement of
5 | good cause explaining his failure to comply with Local Rule
6 | 230(c).
7 |     IT IS SO ORDERED.
8 | Dated: September 5, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE